# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

RECEIVED & FILED CLERK'S OFFICE  NOV 30 2023  US DISTRICT COURT SAN JUAN, PR  AM 1 2 3 4 5 6 7 8 9 10 11 12 PM

UNITED STATES OF AMERICA,
    Plaintiff,

    v.

[1] JOSE JULIO RODRIGUEZ-CUMBA,
    also known as "Chambi", "Chembi",
    "Josue", "Chambo", and "Patron",
[3] BARBARA VALENTIN-RIVERA,
    also known as "Barbara Paola",
[4] LUIS CRESPO-CUMBA,
    also known as "La L"
[5] LUIS ROBERTO ALVARADO-REYES,
    also known as "El Viejo"
[6] RICARDO LOPEZ-RAMOS,
    also known as "Ricky"
[7] HECTOR L. DERKES,
    also known as "El Venezolano"
[8] WILLIAM J. PANTOJA-NIEVES,
    also known as "W"
[9] LUIS J. HERNANDEZ-CRUZ,
    also known as "Tampa Pana"
[10] EDWIN DANIEL GONZALEZ-REYES,
    also known as "Cotto" and "Coto"
[11] FERNANDO CORTES-FLORES
    also known as "La Bruja"
[12] EMILIANO FELICIANO-HERNANDEZ,
[13] LUIS HECTOR ADAMES-NIEVES,
    also known as "Monki"
[14] ANGEL XAVIER PEREZ-OLIVENCIA,
    also known as "Chavy"
[15] NIURKA A. RODRIGUEZ-CUMBA,
    also known as "Adela"
[16] MARTA D. CARDONA-CUMBA,
[17] CHRISTIAN PRADO,
[18] LUIS ALBERTO BOURDON-ROMAN,
    also known as "El Negro Capi Bueno"
[19] EDWIN CANDELARIA-RAMOS,

        Defendants.

---

SUPERSEDING INDICTMENT

Criminal No. 21-359 (PAD)

Violations:
18 U.S.C. § 1512(c)(1), (c)(2)
18 U.S.C. §§ 1956(a)(1)(B)(i), (a)(1)(B)(ii) (h)
18 U.S.C. § 1957(a), (b)
18 U.S.C. § 924(c)
18 U.S.C. §§ 1791(a)(2), (b)(4)
21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), (b)(1)(B)(ii), (b)(1)(D)
21 U.S.C. § 846
21 U.S.C. §§ 848(a), (b),(c)
21 U.S.C. § 952(a)
21 U.S.C. §§ 960(a)(1), (b)(1)(B)(ii)
21 U.S.C. § 963
46 U.S.C. § 70503(a)(1)
46 U.S.C. § 70506(b)

Forfeiture:
18 U.S.C. § 924(d)(1)
18 U.S.C. § 928(b)(1)
21 U.S.C. § 848(a)
21 U.S.C. § 853
21 U.S.C. § 970
28 U.S.C. § 2461(c)

(SIXTY COUNTS)

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Superseding Indictment, unless otherwise indicated:

1.     The defendant [1] JOSE JULIO RODRIGUEZ-CUMBA, directed, a large-scale drug trafficking organization (the "Rodriguez-Cumba Drug Trafficking Organization"), that utilized land, air and sea transportation assets to import and distribute multi-hundred-kilogram shipments of cocaine from South America into Puerto Rico and the continental United States.

2.     Upon the arrival of the cocaine shipments to Puerto Rico, portions of the cocaine would be distributed and sold throughout Puerto Rico. While other portions of the cocaine shipments would be further transported to the continental United States for distribution and sale.

3.     The Rodriguez-Cumba Drug Trafficking Organization also received multi-kilogram shipments of marijuana from the continental United States for distribution throughout Puerto Rico.

4.     The Rodriguez-Cumba Drug Trafficking Organization had various members who occupied the following roles:

> (a)     Principal Leaders: who were responsible for the day-to-day organizational and operational decision making in Puerto Rico.
>
> (b)     Cell Leaders: who were responsible for the day-to-day organizational and operational decision making of the cells located and operating in the continental United States.

(c)     Money Launderers: who were responsible for conducting financial transactions with the goal of legitimizing and disguising millions of dollars in narcotics proceeds generated by the organization.

(d)     Transporters: who were responsible for the transportation of the narcotics from South America into Puerto Rico, and subsequently into the continental United States.

(e)     Enforcers/"Mis Ninos/Hitmen: who were responsible for protecting and securing the assets and members of the organization from rivals, as well as committing violent acts on behalf of the organization.

5.      In order to disguise the narcotics proceeds and have them appear as legitimate earnings, defendant [1] JOSE JULIO RODRIGUEZ-CUMBA involved himself in multiple business entities, including but not limited to:

(a)     Chinchorro07, Corp: a closely held corporation organized under the laws of the Commonwealth of Puerto Rico on or about January 30, 2013. The corporation had its principal place of business in Mayaguez, Puerto Rico.   Defendant [1] JOSE JULIO RODRIGUEZ-CUMBA served as both the President and Treasurer.

(b)     Cubarican Flavors, LLC d/b/a Merceditas Restaurant is a limited liability company organized under the laws of the Commonwealth of Puerto Rico on or about November 27, 2017. The company had its principal place of business in Isabela, Puerto Rico. Defendant [1] JOSE JULIO RODRIGUEZ-CUMBA served as the President.   While

defendant [16] MARTA D. CARDONA-CUMBA managed the day-to-day operations of the Merceditas Restaurant.

(c)     J.J.R. Multiservice, LLC: is a limited liability company organized under the laws of the Commonwealth of Puerto Rico on or about April 28, 2021. The company had its principal place of business in Isabela, Puerto Rico. Defendant [13] LUIS HECTOR ADAMES-NIEVES served as the President. While defendant [1] JOSE JULIO RODRIGUEZ-CUMBA served as the Vice President.

(d)     J.J.R. Welding Marine: is a non-stock corporation organized under the laws of the Commonwealth of Virginia on or about July 8, 2021. The corporation had its principal place of business in Norfolk, Virginia. Defendant [1] JOSE JULIO RODRIGUEZ-CUMBA was the sole director of the corporation.

6.     Defendant [1] JOSE JULIO RODRIGUEZ-CUMBA directed and ordered acts of violence to be committed to further the objectives of the organization. These acts of violence served to:

(a)     Promote and enhance the prestige, reputation and position of the Rodriguez-Cumba Drug Trafficking Organization amongst rival criminal organizations.

(b)     Protect members of the Rodriguez-Cumba Drug Trafficking Organization from arrest and prosecution by silencing, intimidating, and eliminating potential witnesses, while also retaliating against those who

provide information or assistance to law enforcement authorities; and

(c)     Preserve and protect the territory controlled by the Rodriguez-Cumba Drug Trafficking Organization.

<u>COUNT ONE</u>
Conspiracy to Distribute and Possess with the Intent to Distribute Controlled Substances
(21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), (b)(1)(D) and 846)

The allegations contained in paragraphs One through Six are realleged and incorporated as if fully set forth in this paragraph.

Beginning on a date unknown, but not later than in or about 2015, and continuing up to and until the date of the return of the instant Superseding Indictment, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court,

[1] JOSE JULIO RODRIGUEZ-CUMBA,
also known as "Chambi", "Chembi", "Josue", "Chambo", and "Patron",
[3] BARBARA VALENTIN-RIVERA,
also known as "Barbara Paola",
[4] LUIS CRESPO-CUMBA,
also known as "La L",
[5] LUIS ROBERTO ALVARADO-REYES,
also known as "El Viejo",
[6] RICARDO LOPEZ-RAMOS,
also known as "Ricky",
[7] HECTOR L. DERKES,
also known as "El Venezolano",
[8] WILLIAM J. PANTOJA-NIEVES,
also known as "W",
[9] LUIS J. HERNANDEZ-CRUZ,
also known as "Tampa Pana",
[10] EDWIN DANIEL GONZALEZ-REYES,
also known as "Cotto" and "Coto",
[11] FERNANDO CORTES-FLORES,
also known as "La Bruja",
[12] EMILIANO FELICIANO-HERNANDEZ,
[17] CHRISTIAN PRADO,

5

[18] LUIS ALBERTO BOURDON-ROMAN,
also known as "El Negro Capi Bueno",
[19] EDWIN CANDELARIA-RAMOS,

the defendants herein, did knowingly and intentionally combine, conspire, confederate

and agreed with each other and others known and unknown to the Grand Jury, to

distribute and to possess with intent to distribute: (i) five (5) kilograms or more of a

mixture or substance containing a detectable amount of cocaine, a Schedule II

Narcotic Drug-Controlled Substance; and (ii) a mixture or substance containing a

detectable amount of marijuana, a Schedule I Drug-Controlled Substance. All in

violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(ii), (b)(1)(D),

and 846.

## COUNT TWO
Possession with Intent to Distribute a Controlled Substance
Approximately 100 Kilograms of Cocaine
(21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii); and 18 U.S.C. § 2)

On or about September 10, 2021, in the District of Puerto Rico, and within the

jurisdiction of this Court,

[1] JOSE JULIO RODRIGUEZ-CUMBA,
also known as "Chambi", "Chembi", "Josue", "Chambo", and "Patron",
[3] BARBARA VALENTIN-RIVERA,
also known as "Barbara Paola",
[4] LUIS CRESPO-CUMBA,
Also known as "La L," and
[6] RICARDO LOPEZ-RAMOS,
also known as "Ricky"

the defendants herein, aiding and abetting each other and other persons known and

unknown to the Grand Jury, did knowingly and intentionally possess with intent to

distribute five kilograms or more of a mixture or substance containing a detectable

amount of cocaine, a Schedule II Narcotic Drug-Controlled Substance. All in violation of Title 21 <u>United States Code</u>, Sections 841(a)(1) and (b)(1)(A)(ii); and Title 18, <u>United States Code</u>, Section 2.

COUNT THREE
Possession with Intent to Distribute Controlled a Substance
40 Kilograms of Marijuana
(21 U.S.C. §§ 841(a)(1), (b)(1)(D); and 18 U.S.C. § 2)

On or about September 10, 2021, in the District of Puerto Rico, and within the jurisdiction of this Court,

[1] JOSE JULIO RODRIGUEZ-CUMBA,
also known as "Chambi", "Chembi", "Josue", "Chambo", and "Patron",
[3] BARBARA VALENTIN-RIVERA,
also known as "Barbara Paola",
[4] LUIS CRESPO-CUMBA,
also known as "La L," and
[6] RICARDO LOPEZ-RAMOS,
also known as "Ricky,"

the defendants herein, aiding and abetting each other and other persons known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of marijuana, a Schedule I Drug-Controlled Substance. All in violation of Title 21, <u>United States Code</u>, Sections, 841(a)(1), and (b)(1)(D); and Title 18, <u>United States Code</u>, Section 2.

COUNT FOUR
Conspiracy to Launder Narcotics Proceeds
(18 U.S.C. § 1956(h))

The allegations contained in paragraphs One through Six are realleged and incorporated as if fully set forth in this paragraph.

Beginning on a date unknown, but not later than in or about 2015, and

7

continuing up to and until the date of the return of the instant Superseding Indictment,

in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court,

[1] JOSE JULIO RODRIGUEZ-CUMBA,
also known as "Chambi", "Chembi", "Josue", "Chambo", and "Patron",
[3] BARBARA VALENTIN-RIVERA,
also known as "Barbara Paola",
[4] LUIS CRESPO-CUMBA,
also known as "La L"
[5] LUIS ROBERTO ALVARADO-REYES,
also known as "El Viejo"
[6] RICARDO LOPEZ-RAMOS,
also known as "Ricky"
[7] HECTOR L. DERKES,
also known as "El Venezolano,"
[9] LUIS J. HERNANDEZ-CRUZ,
also known as "Tampa Pana,"
[11] FERNANDO CORTES-FLORES,
also known as "La Bruja,"
[12] EMILIANO FELICIANO-HERNANDEZ,
[13] LUIS HECTOR ADAMES-NIEVES,
also known as "Monki,"
[14] ANGEL XAVIER PEREZ-OLIVENCIA,
also known as "Chavy,"
[15] NIURKA A. RODRIGUEZ-CUMBA,
also known as "Adela," ND
[16] MARTA D. CARDONA-CUMBA,

the defendants herein, did knowingly combine, conspire, and agree with each other

and with other persons known and unknown to the Grand Jury to commit offenses

against the United States in violation of Title 18, United States Code, Sections 1956

and 1957, including by:

> (a)     conducting and attempting to conduct financial transactions
>
> involving monetary instruments affecting interstate and foreign
>
> commerce, which transactions involved the proceeds of a specified

unlawful activity, that is, narcotics trafficking contrary to Title 21, United States Code, Sections 841(a)(1), 846, 848, 952, and 963, knowing the property involved in the financial transactions represented the proceeds of some form of unlawful activity and knowing the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

(b) to knowingly conduct and attempt to conduct financial transactions involving the proceeds of specified unlawful activity that is, narcotics trafficking contrary to Title 21, United States Code, Sections 841(a)(1), 846, 848, 952, and 963, knowing the property involved in the financial transactions represented the proceeds of some form of unlawful activity with the intent to promote the carrying on of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i);

(c) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, narcotics trafficking contrary to Title 21, United States Code, Sections 841(a)(1), 846, 848, 952, and 963, knowing that the transaction was designed in whole and in part to avoid a transaction reporting

9

requirement under Federal law, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii); and

(d)　knowingly engaging and attempting to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity, that is, narcotics trafficking contrary to Title 21, United States Code, Sections 841(a)(1), 846, 848, 952, and 963, in violation of Title 18, United States Code, Section 1957.

### Manner and Means of the Conspiracy

The manner and means by which the defendants and their conspirators would and did accomplish and further the objects of the conspiracy, among others, included the following:

1.　It was part of the manner and means of the conspiracy that the defendants and their conspirators would and did obtain proceeds from drug trafficking in Puerto Rico and in the continental United States.

2.　It was part of the manner and means of the conspiracy that the defendants and their conspirators would cause drug proceeds to be physically transported from the continental United States to Puerto Rico on commercial flights.

3.　It was part of the manner and means of the conspiracy that the defendants

and their conspirators would communicate among themselves by text, electronic messages, telephone, and in person to convey instructions and provide information about how drug proceeds were being invested, spent, and used.

4. It was part of the manner and means of the conspiracy that the defendants and their conspirators would form, operate, and associate themselves with business entities to give the appearance of legitimacy to the proceeds generated from their drug trafficking operation. These businesses included but were not limited to: a) Chinchorro07, Corp; b) Cubarican Flavors, LLC d/b/a Merceditas Restaurant; c) J.J.R. Multiservice, LLC; and d) J.J.R. Welding Marine.

5. It was part of the manner and means of the conspiracy that the defendants and their conspirators would and did comingle drug proceeds with business revenues to give the appearance of legitimacy to the proceeds generated from their drug trafficking operation.

6. It was part of the manner and means of the conspiracy that the defendants and their conspirators would and did open personal and corporate bank accounts to manage the finances from both their businesses and its drug trafficking operation.

7. It was part of the manner and means of the conspiracy that the defendants and their conspirators would and did structure both cash deposits and withdrawals to evade financial transaction reporting requirements.

8. It was part of the manner and means of the conspiracy that the defendants and their conspirators would and did make transfers from personal bank accounts to corporate bank accounts and vice-versa to disguise the source and nature of the funds.

11

9. It was part of the manner and means of the conspiracy that the defendants and their conspirators would and did use mobile payment systems to transfer proceeds from person to person and avoid detection from authorities.

10. It was part of the manner and means of the conspiracy that the defendants and their conspirators would and did use the proceeds from their drug trafficking operation to purchase weapons and ammunition.

11. It was part of the manner and means of the conspiracy that the defendants and their conspirators would and did invest the proceeds from their drug trafficking operation in real estate properties, many of which were purchased at least in part with U.S. currency.

12. It was part of the manner and means of the conspiracy that the defendants and their conspirators would and did use the proceeds from their drug trafficking to rent properties for the purposes of storing narcotics.

13. It was part of the manner and means of the conspiracy that the defendants and their conspirators would and did invest the proceeds from their drug trafficking operation in assets used to promote the carrying on of the drug trafficking operation, including but not limited to vessels, motor vehicles, and money counting machines.

14. It was part of the manner and means of the conspiracy that the defendants and their conspirators used different types of checks including bank checks, manager's checks, and teller checks to layer proceeds and attempt to disguise the illegal source of the proceeds.

15. It was part of the manner and means of the conspiracy that the defendants

and their conspirators would and did spend the proceeds from their drug trafficking operation on travel, among other things, motor vehicles, improvements to residential and commercial businesses, and certificates of deposits.

16.     It was part of the manner and means of the conspiracy that the defendants and their conspirators use the lottery to attempt to disguise the source of drug proceeds. All in violation of Title 18, United States Code, Section 1956(h).

COUNT FIVE
Continuing Criminal Enterprise
(21 U.S.C. §§ 848(a), (b), and (c))

The allegations contained in paragraphs One through Six are realleged and incorporated as if fully set forth in this paragraph.

Beginning on a date unknown, but not later than in or about 2015, and continuing up to and until the date of the return of the instant Superseding Indictment, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court,

[1] JOSE JULIO RODRIGUEZ-CUMBA,
also known as "Chambi", "Chembi", "Patron", and "Bizco"

the defendant herein, did knowingly and intentionally engage in a continuing criminal enterprise, in that he committed violations of Title 21, United States Code, Sections 841(a)(1), 846, 952(a), 848(e), and 963, as detailed below, which violations were part of a continuing series of violations of the Controlled Substances Act, Title 21, United States Code, Section 801, et. seq., undertaken by the defendant in concert with five or more other persons, with respect to whom [1] JOSE JULIO RODRIGUEZ-CUMBA, occupied supervisory and management positions, and was one of several principal

administrators, organizers and leaders of the continuing criminal enterprise, and from which continuing series of violations the defendant [1] JOSE JULIO RODRIGUEZ-CUMBA, also known as "Chambi", "Chembi", "Patron", and "Bizco" obtained substantial income and resources. Said violations of the Controlled Substances Act involved at least 300 times the quantity of a substance described in Section 841(b)(1)(B) of Title 21, United States Code, to wit: 150 kilograms or more of a mixture or substance containing a detectable amount of cocaine. The continuing series of violations, as defined by Title 21, United States Code, Section 848(c), includes the following violations set forth below.

## Object of the Enterprise

The object of the Continuing Criminal Enterprise was to smuggle, import, offload, purchase, distribute, and supply controlled substances within Puerto Rico and the continental United States all for significant financial gain and profit.

## Manner and Means of the Enterprise

The manner and means by which the defendant and his associates would accomplish and further the object of the enterprise, among others, included the following:

1.　　It was part of the manner and means of the enterprise that [1] JOSE JULIO RODRIGUEZ-CUMBA, and his associates would smuggle, import, offload, purchase, transport, distribute, conceal, and invest in large quantities of controlled substances, including cocaine and marijuana.

2.　　It was part of the manner and means of the enterprise that [1] JOSE

14

JULIO RODRIGUEZ-CUMBA, and his associates would reap profits from the sale of these controlled substances.

3. It was part of the manner and means of the enterprise that [1] JOSE JULIO RODRIGUEZ-CUMBA, and his associates would invest these profits in additional drug trafficking activities.

4. It was part of the manner and means of the enterprise that [1] JOSE JULIO RODRIGUEZ-CUMBA, and his associates would launder these profits in an effort to legitimize the drug proceeds, reap additional profits, and further the enterprise.

5. It was part of the manner and means of the enterprise that [1] JOSE JULIO RODRIGUEZ-CUMBA, and his associates would travel, and use facilities in interstate and foreign commerce, with the intent to promote, manage, establish, carry on and further the enterprise.

6. It was part of the manner and means of the enterprise that [1] JOSE JULIO RODRIGUEZ-CUMBA, and his associates would travel, and use facilities in interstate and foreign commerce, with the intent to commit drug trafficking crimes against the United States.

7. It was part of the manner and means of the enterprise that [1] JOSE JULIO RODRIGUEZ-CUMBA, and his associates would travel, and use facilities in interstate and foreign commerce, with the intent to distribute the proceeds of drug trafficking and money laundering.

8. It was part of the manner and means of the enterprise that [1] JOSE

JULIO RODRIGUEZ-CUMBA, and his associates would purchase and rent real estate properties for the purpose of organizing and storing narcotics and the proceeds of their drug trafficking.

9.     It was part of the manner and means of the enterprise that [1] JOSE JULIO RODRIGUEZ-CUMBA, and his associates would utilize a variety of contacts and sources to obtain, transport, ship, smuggle, off-load, store, and distribute large quantities of controlled substances.

10.    It was part of the manner and means of the enterprise that [1] JOSE JULIO RODRIGUEZ-CUMBA, and his associates would directly take part in the smuggling, off-loading, transporting, storing, mailing, distributing and concealing of controlled substances, and would indirectly take part by employing others to do so.

11.    It was part of the manner and means of the enterprise that [1] JOSE JULIO RODRIGUEZ-CUMBA, and his associates would arrange for the transportation of controlled substances by air, land and sea.

12.    It was part of the manner and means of the enterprise that [1] JOSE JULIO RODRIGUEZ-CUMBA, and his associates would promote the unlawful drug trafficking and related money laundering activity by conducting illegal financial transactions.

13.    It was part of the manner and means of the enterprise that [1] JOSE JULIO RODRIGUEZ-CUMBA, and his associates would conceal and disguise the nature, location, source, ownership and control of the illegal proceeds obtained from drug trafficking.

14.     It was part of the manner and means of the enterprise that [1] JOSE JULIO RODRIGUEZ-CUMBA, and his associates would avoid transaction reporting requirements regarding financial transactions and cause financial institutions to do the same.

15.     It was part of the manner and means of the enterprise that [1] JOSE JULIO RODRIGUEZ-CUMBA, and his associates would avoid paying income taxes on millions of dollars of drug trafficking proceeds.

16.     It was part of the manner and means of the enterprise that [1] JOSE JULIO RODRIGUEZ-CUMBA, and his associates would acquire real estate and other valuable assets with the drug trafficking proceeds.

17.     It was part of the manner and means of the enterprise that [1] JOSE JULIO RODRIGUEZ-CUMBA, and his associates would utilize straw/fictitious owners in order to conceal the beneficial owner of assets purchased with drug trafficking proceeds.

<u>Series of Drug Violations</u>

In furtherance of the enterprise, and to effect the object thereof, in Puerto Rico, and elsewhere, on or about the dates, times and locations set forth below, [1] JOSE JULIO RODRIGUEZ-CUMBA, the defendant herein, in concert with his associates and co-conspirators, committed and caused to be committed, a continuing series of felony drug violations, including but not limited to, the acts set forth as Predicate Acts below:

### Predicate Act One
(Conspiracy to Import Cocaine into the United States)

Beginning on a date unknown, but not later than the year 2015, and continuing up to the return of the Instant Indictment, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court, [1] JOSE JULIO RODRIGUEZ-CUMBA, the defendant herein, knowingly and intentionally combined, conspired, confederated, and agreed with others known and unknown to the Grand Jury, to commit an offense against the United States, that is, to import into the United States from any place outside thereof, including the Republic of Venezuela and elsewhere five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug-Controlled Substance. All in violation of Title 21, <u>United States Code</u>, Sections 952(a), 960(a)(1) and (b)(1)(B)(ii), 963.

### Predicate Act Two
(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)

Beginning on a date unknown, but not later than the year 2015, and continuing up to the return of the Superseding Indictment, in the District of Puerto Rico, and within the jurisdiction of this Court, [1] JOSE JULIO RODRIGUEZ-CUMBA, the defendant herein, knowingly and intentionally combined, conspired, confederated, and agreed together with each other and others known and unknown to the Grand Jury, to distribute and to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug-Controlled Substance. All in violation of Title 21, <u>United States Code</u>

Sections, 841(a)(1) and (b)(1)(A)(ii), and 846.

<u>Predicate Act Three</u>
(Importation of Cocaine into the United States
Approximately 611 Kilograms of Cocaine)

On or about September 6, 2021, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court, [1] JOSE JULIO RODRIGUEZ-CUMBA, the defendant herein, aiding and abetting others known and unknown to the Grand Jury, did knowingly and intentionally import into the United States from any place outside thereof, that is the Republic of Venezuela and elsewhere, five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug-Controlled Substance. All in violation of Title 21, <u>United States Code</u>, Sections 952(a), 960(a)(1) and (b)(1)(B)(ii), and 963, Title 18, <u>United States Code</u>, Section 2.

<u>Predicate Act Four</u>
(Attempted Importation of Cocaine into the United States
Approximately 1260 Kilograms of Cocaine)

On or about September 6, 2021, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court, [1] JOSE JULIO RODRIGUEZ-CUMBA, the defendant herein, aiding and abetting others known and unknown to the Grand Jury, did knowingly and intentionally attempt to import into the United States from any place outside thereof, that is the Republic of Venezuela and elsewhere, five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug-Controlled Substance. All in violation of Title 21, <u>United States Code</u>, Sections 952(a), 960(a)(1) and (b)(1)(B)(ii), 963, Title 18, <u>United States</u>

19

<u>Code</u>, Section 2.

<u>Predicate Acts Five through Ninety-Four</u>
(Distribution and Possession with Intent to Distribute a Controlled Substance)

On or about the dates listed below, all dates being approximate and inclusive, the defendant [1] JOSE JULIO RODRIGUEZ-CUMBA, together with others, did knowingly and intentionally distribute and possess with intent to distribute one or more controlled substances, which offenses involved a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, <u>United States Code</u>, Sections 841(a)(1), (b)(1)(A)(ii), and (b)(1)(B)(ii), and Title 18, <u>United States Code</u>, Section 2:

| PREDICATE ACT NO. | APPROXIMATE AMOUNT OF COCAINE | DATE(S) OF OFFENSE |
|---|---|---|
| 5 | 4 Kg. | November 2, 2020 |
| 6 | 4 Kg. | November 4, 2020 |
| 7 | 4 Kg. | November 14, 2020 |
| 8 | 4 Kg. | November 16, 2020 |
| 9 | 2 Kg. | November 17, 2020 |
| 10 | 4 Kg. | November 18, 2020 |
| 11 | 2 Kg. | November 20, 2020 |
| 12 | 4 Kg. | November 21, 2020 |
| 13 | 4 Kg. | November 28, 2020 |
| 14 | 4 Kg. | December 7, 2020 |
| 15 | 4 Kg. | December 8, 2020 |
| 16 | 4 Kg. | December 14, 2020 |
| 17 | 4 Kg. | December 19, 2020 |
| 18 | 2 Kg. | January 4, 2021 |
| 19 | 2 Kg. | January 12, 2021 |
| 20 | 4 Kg. | January 13, 2021 |
| 21 | 2 Kg. | January 15, 2021 |
| 22 | 2 Kg. | January 19, 2021 |
| 23 | 2 Kg. | January 20, 2021 |
| 24 | 4 Kg. | January 22, 2021 |
| 25 | 4 Kg. | February 1, 2021 |
| 26 | 4 Kg. | February 2, 2021 |

| PREDICATE ACT NO. | APPROXIMATE AMOUNT OF COCAINE | DATE(S) OF OFFENSE |
|---|---|---|
| 27 | 4 Kg. | February 2, 2021 |
| 28 | 4 Kg. | February 10, 2021 |
| 29 | 4 Kg. | February 13, 2021 |
| 30 | 4 Kg. | February 24, 2021 |
| 31 | 4 Kg. | February 26, 2021 |
| 32 | 2 Kg. | February 27, 2021 |
| 33 | 6 Kg. | March 5, 2021 |
| 34 | 4 Kg. | March 12, 2021 |
| 35 | 4 Kg. | March 16, 2021 |
| 36 | 2 Kg. | March 17, 2021 |
| 37 | 12 Kg. | March 19, 2021 |
| 38 | 4 Kg. | March 20, 2021 |
| 39 | 4 Kg. | March 23, 2021 |
| 40 | 8 Kg. | March 24, 2021 |
| 41 | 10 Kg. | March 26, 2021 |
| 42 | 8 Kg. | March 29, 2021 |
| 43 | 4 Kg. | March 30, 2021 |
| 44 | 6 Kg. | April 6, 2021 |
| 45 | 10 Kg. | April 7, 2021 |
| 46 | 8 Kg. | April 9, 2021 |
| 47 | 4 Kg. | April 12, 2021 |
| 48 | 12 Kg. | April 13, 2021 |
| 49 | 10 Kg. | April 14, 2021 |
| 50 | 12 Kg. | April 17, 2021 |
| 51 | 6 Kg. | April 21, 2021 |
| 52 | 12 Kg. | April 26, 2021 |
| 53 | 12 Kg. | April 27, 2021 |
| 54 | 10 Kg. | April 28, 2021 |
| 55 | 4 Kg. | April 30, 2021 |
| 56 | 4 Kg. | May 1, 2021 |
| 57 | 2 Kg. | May 3, 2021 |
| 58 | 2 Kg. | May 3, 2021 |
| 59 | 2 Kg. | May 3, 2021 |
| 60 | 10 Kg. | May 4, 2021 |
| 61 | 4 Kg. | May 5, 2021 |
| 62 | 4 Kg. | May 7, 2021 |
| 63 | 12 Kg. | May 10, 2021 |
| 64 | 8 Kg. | May 11, 2021 |
| 65 | 6 Kg. | May 12, 2021 |
| 66 | 8 Kg. | May 18, 2021 |
| 67 | 10 Kg. | May 19, 2021 |
| 68 | 6 Kg. | May 24, 2021 |

| PREDICATE ACT NO. | APPROXIMATE AMOUNT OF COCAINE | DATE(S) OF OFFENSE |
|---|---|---|
| 69 | 12 Kg. | May 25, 2021 |
| 70 | 10 Kg. | May 26, 2021 |
| 71 | 8 Kg. | May 28, 2021 |
| 72 | 6 Kg. | May 29, 2021 |
| 73 | 8 Kg. | June 8, 2021 |
| 74 | 10 Kg. | June 9, 2021 |
| 75 | 8 Kg. | June 11, 2021 |
| 76 | 12 Kg. | June 12, 2021 |
| 77 | 12 Kg. | June 15, 2021 |
| 78 | 4 Kg. | June 16, 2021 |
| 79 | 4 Kg. | June 18, 2021 |
| 80 | 8 Kg. | June 23, 2021 |
| 81 | 10 Kg. | June 26, 2021 |
| 82 | 8 Kg. | June 28, 2021 |
| 83 | 2 Kg. | June 29, 2021 |
| 84 | 2 Kg. | July 2, 2021 |
| 85 | 4 Kg. | July 10, 2021 |
| 86 | 10 Kg. | July 12, 2021 |
| 87 | 10 Kg. | July 13, 2021 |
| 88 | 2 Kg. | July 14, 2021 |
| 89 | 2 Kg. | July 16, 2021 |
| 90 | 4 Kg. | July 17, 2021 |
| 91 | 4 Kg. | July 19, 2021 |
| 92 | 4 Kg. | July 20, 2021 |
| 93 | 2 Kg. | September 1, 2021 |
| 94 | 2 Kg. | September 10, 2021 |
| 95 | 5 Kg. | October 22, 2021 |

All in violation of Title 21, United States Code, Sections 848(a), (b), and (c).

## COUNT SIX
Conspiracy to Import a Controlled Substance into the United States
(21 U.S.C. §§ 952(a), 960(a)(1) and (b)(1)(B)(ii), 963)

The allegations contained in paragraphs One through Six are realleged and incorporated as if fully set forth in this paragraph.

Beginning on a date unknown, but not later than in or about 2013, and continuing up to the date of the return of the instant Superseding Indictment, in the District of

Puerto Rico, elsewhere, and within the jurisdiction of this Court,

[1] JOSE JULIO RODRIGUEZ-CUMBA,
also known as "Chambi", "Chembi", "Josue", "Chambo", and "Patron",
[3] BARBARA VALENTIN-RIVERA,
also known as "Barbara Paola",
[4] LUIS CRESPO-CUMBA,
also known as "La L"
[6] RICARDO LOPEZ-RAMOS,
also known as "Ricky"
[7] HECTOR L. DERKES,
also known as "El Venezolano"
[8] WILLIAM J. PANTOJA-NIEVES,
also known as "W"
[10] EDWIN DANIEL GONZALEZ-REYES,
also known as "Cotto" and "Coto"
[11] FERNANDO CORTES-FLORES
also known as "La Bruja"
[12] EMILIANO FELICIANO-HERNANDEZ,
[18] LUIS ALBERTO BOURDON-ROMAN,
also known as "El Negro Capi Bueno," and
[19] EDWIN CANDELARIA-RAMOS,

the defendants herein, knowingly and intentionally combined, conspired, confederated, and agreed together with each other and others known and unknown to the Grand Jury, to commit an offense against the United States, that is, to import into the United States from any place outside thereof, including the Republic of Venezuela and elsewhere, five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug-Controlled Substance. All in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and (b)(1)(B)(ii), and 963.

<u>COUNT SEVEN</u>
Importation of Cocaine into the United States
Approximately 611 Kilograms of Cocaine
(21 U.S.C. §§ 841(a)(1), (b)(1)(D); and 18 U.S.C. § 2)

On or about September 6, 2021, in the District of Puerto Rico, elsewhere, and

within the jurisdiction of this Court,

[1] JOSE JULIO RODRIGUEZ-CUMBA,
also known as "Chambi", "Chembi", "Josue", "Chambo", and "Patron",
[3] BARBARA VALENTIN-RIVERA,
also known as "Barbara Paola",
[4] LUIS CRESPO-CUMBA,
also known as "La L"
[6] RICARDO LOPEZ-RAMOS,
also known as "Ricky"
[7] HECTOR L. DERKES,
also known as "El Venezolano"
[8] WILLIAM J. PANTOJA-NIEVES,
also known as "W"
[10] EDWIN DANIEL GONZALEZ-REYES,
also known as "Cotto" and "Coto"
[11] FERNANDO CORTES-FLORES
also known as "La Bruja"
[18] LUIS ALBERTO BOURDON-ROMAN,
also known as "El Negro Capi Bueno"

the defendants herein, aiding and abetting each other and others known and unknown

to the Grand Jury, did knowingly and intentionally import into the United States from

any place outside thereof, that is the Republic of Venezuela, five kilograms or more of

a mixture or substance containing a detectable amount of cocaine, a Schedule II

Narcotic Drug-Controlled Substance. All in violation of Title 21, <u>United States Code</u>,

Sections 952(a), 960(a)(1) and (b)(1)(B)(ii), Title 18, <u>United States Code</u>, Section 2.

Attempted Importation of Cocaine into the United States
Approximately 1260 Kilograms of Cocaine
(21 U.S.C. §§ 952(a), 960(a)(1), (b)(1)(B)(ii), 963; and 18 U.S.C. § 2)

On or about October 22, 2022, in the District of Puerto Rico, elsewhere, and

within the jurisdiction of this Court,

[1] JOSE JULIO RODRIGUEZ-CUMBA,
also known as "Chambi", "Chembi", "Josue", "Chambo", and "Patron,"
[18] LUIS ALBERTO BOURDON-ROMAN, and
[19] EDWIN CANDELARIA-RAMOS,

the defendants herein, aiding and abetting each other and others known and unknown

to the Grand Jury, did knowingly and intentionally attempt to import into the United

States from any place outside thereof, that is, the Republic of Venezuela, five kilograms

or more of a mixture or substance containing a detectable amount of cocaine, a

Schedule II Narcotic Drug-Controlled Substance. All in violation of Title 21, United

States Code, Sections 952(a), 960(a)(1) and (b)(1)(B)(ii), and 963, Title 18, United

States Code, Section 2.

COUNT NINE
Conspiracy to Possess with Intent to Distribute a Controlled Substance on Board a
Vessel Subject to the Jurisdiction of the United States
(46 U.S.C. §§ 70503(a), 70506(b); and 21 U.S.C. § 960(b)(1)(B)(ii))

Beginning on a date unknown but not later than in or about 2015, in the District

of Puerto Rico, elsewhere, and within the jurisdiction of this Court,

[1] JOSE JULIO RODRIGUEZ-CUMBA,
also known as "Chambi", "Chembi", "Josue", "Chambo", and "Patron",
[3] BARBARA VALENTIN-RIVERA,
also known as "Barbara Paola",
[4] LUIS CRESPO-CUMBA,
also known as "La L,"

[6] RICARDO LOPEZ-RAMOS,
also known as "Ricky,"
[7] HECTOR L. DERKES,
also known as "El Venezolano,"
[8] WILLIAM J. PANTOJA-NIEVES,
also known as "W,"
[10] EDWIN DANIEL GONZALEZ-REYES,
also known as "Cotto" and "Coto,"
[11] FERNANDO CORTES-FLORES.
also known as "La Bruja" and
[18] LUIS ALBERTO BOURDON-ROMAN,

the defendants herein, knowingly and intentionally combined, conspired, confederated, and agreed with each other and others known and unknown to the Grand Jury, to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug-Controlled Substance, while on board a vessel of the United States and a vessel subject to the jurisdiction of the United States. All in violation of Title 46, United States Code, Sections 70503(a)(1), and 70506(b), and Title 21, Section 960(b)(1)(B)(ii).

COUNT TEN
Possession Firearms in Furtherance of a Drug Trafficking Crime
(18 U.S.C. §§ 924(c) and 2)

The allegations contained in paragraphs One through Six are realleged and incorporated as if fully set forth in this paragraph.

Beginning on a date unknown but not later than in or about January 2015 and continuing until the date of the return of the instant Superseding Indictment, in the District of Puerto Rico, and within the jurisdiction of this Court,

[1] JOSE JULIO RODRIGUEZ-CUMBA,
also known as "Chambi", "Chembi", "Josue", "Chambo", and "Patron",
[3] BARBARA VALENTIN-RIVERA,

26

also known as "Barbara Paola",
[4] LUIS CRESPO-CUMBA,
also known as "La L,"
[6] RICARDO LOPEZ-RAMOS,
also known as "Ricky,"
[9] LUIS J. HERNANDEZ-CRUZ,
also known as "Tampa Pana"
[11] FERNANDO CORTES-FLORES
also known as "La Bruja," and
[17] CHRISTIAN PRADO,

the defendants herein, aiding and abetting each other and other persons known and unknown to the Grand Jury, did knowingly possess one or more firearms in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit: Counts Two through Eight of this Superseding Indictment. All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.

COUNT ELEVEN
Obstruction of Justice
(18 U.S.C §§ 1512(c)(1) and 2)

Beginning on or about September 10, 2021, and continuing up to and until on or about November 4, 2021, in the District of Puerto Rico,

[6] RICARDO LOPEZ-RAMOS,
also known as "Ricky,"

the defendant herein, aiding and abetting others known and unknown to the Grand Jury, did corruptly attempt to alter destroy, mutilate, and conceal a record, document, and other object, and, with the intent to impair the object's integrity and availability for use in an official proceeding, to wit: [6] RICARDO LOPEZ-RAMOS, deleted the contents of his cellular phone to impede and interfere with proceedings before the United States District Court for the District of Puerto Rico. All in violation of Title

18, United States Code, Sections 1512(c)(1) and 2.

## COUNT TWELVE
Obstruction of Justice
(18 U.S.C §§ 1512(c)(2) and 2)

Beginning on or about October 4, 2021, and continuing up to and until the date of the return of the instant Superseding Indictment,

[15] NIURKA A. RODRIGUEZ-CUMBA,

the defendant herein, aiding and abetting others known and unknown to the Grand Jury, corruptly obstructed, influenced, and impeded an official proceeding and attempted to do so, to wit: [15] NIURKA A. RODRIGUEZ-CUMBA, after the arrest of defendant [1] JOSE JULIO RODRIGUEZ-CUMBA, changed construction permits of a residence from the name of [1] JOSE JULIO RODRIGUEZ-CUMBA to the name of [15] NIURKA A. RODRIGUEZ-CUMBA to impede and interfere with proceedings before the United States District Court for the District of Puerto Rico. All in violation of Title 18, United States Code, Sections 1512(c)(1) and 2.

## COUNT THIRTEEN
Obstruction of Justice
(18 U.S.C §§ 1512(c)(1) and 2)

Beginning in or about January 2022, and continuing up to and until on or about January 25, 2022, in the District of Puerto Rico,

[12] EMILIANO FELICIANO-HERNANDEZ,

the defendant herein, aiding and abetting others known and unknown to the Grand Jury, did corruptly attempt to alter destroy, mutilate, and conceal a record, document, and other object, and, with the intent to impair the object's integrity and availability

for use in an official proceeding, to wit: [12] EMILIANO FELICIANO-HERNANDEZ, sold one 2021 Can-Am Maverick X3 to another individual, to a impede and interfere with proceedings before the United States District Court for the District of Puerto Rico. All in violation of Title 18, United States Code, Sections 1512(c)(1) and 2.

## COUNT FOURTEEN
Possessing Contraband in Prison
(18 U.S.C. §§ 1791(a)(2) and (b)(4))

On or about January 14, 2022, at the Federal Bureau of Prisons Metropolitan Detention Center Guaynabo, in the District of Puerto Rico and within the Jurisdiction of this Court,

**[1] JOSE JULIO RODRIGUEZ-CUMBA,**
also known as "Chambi", "Chembi", "Patron", and "Bizco,"

the defendant herein, being an inmate of the Federal Bureau of Prisons Metropolitan Detention Center Guaynabo, aiding and abetting others known and unknown to the Grand Jury, did knowingly possess a prohibited object, that is, a phone or other object used by a user of a commercial mobile service in connection with such service. All in violation of Title 18, United States Code, Sections 1791(a)(2) and (b)() and 2.

## COUNT FIFTEEN
Possessing Contraband in Prison
(18 U.S.C. §§ 1791(a)(2) and (b)(4))

On or about September 8, 2022, at the Federal Bureau of Prisons Metropolitan Detention Center Guaynabo, in the District of Puerto Rico and within the Jurisdiction of this Court,

[1] JOSE JULIO RODRIGUEZ-CUMBA,
also known as "Chambi", "Chembi", "Patron", and "Bizco,"

the defendant herein, being an inmate of the Federal Bureau of Prisons Metropolitan

Detention Center Guaynabo, aiding and abetting others known and unknown to the

Grand Jury, did knowingly possess a prohibited object, that is, a phone or other object

used by a user of a commercial mobile service in connection with such service. All in

violation of Title 18, United States Code, Sections 1791(a)(2) and (b)(4) and 2.

## COUNTS SIXTEEN THROUGH THIRTY-EIGHT
Concealment Money Laundering
(18 U.S.C. § 1956(a)(1)(B)(i))

On or about the dates listed below, in the District of Puerto Rico, elsewhere,

and within the jurisdiction of this Court, the defendants listed below, aiding and

abetting each other and others known and unknown to the Grand Jury, did knowingly

conduct and attempt to conduct a financial transaction affecting interstate and foreign

commerce, as listed below, which involved the proceeds of a specified unlawful

activity, that is narcotics trafficking contrary to Title 21, United States Code, Sections

841(a)(1), 846, 848, 952, and 963, knowing that the transaction was designed in whole

and in part to conceal and disguise, the nature, location, source, ownership, and

control of the proceeds of said specified unlawful activity and that while conducting

and attempting to conduct such financial transaction knew that the property involved

in the financial transaction represented the proceeds of some form of unlawful activity:

| COUNT | DEFENDANT | TRANSACTION AND APPROXIMATE AMOUNT | DATE(S) OF OFFENSE |
|---|---|---|---|
| 16 | [1] JOSE JULIO RODRIGUEZ-CUMBA | Check for $75,000 drawn from Banco Santander Account No. ending in 9958 held under the name Chinchorro07 Corp. | October 2, 2019 |
| 17 | [1] JOSE JULIO RODRIGUEZ-CUMBA | Purchase of $28,125 Official Check No. 103108300016804 from Banco Popular de Puerto Rico from personal checking Account No. ending in 8699 held under the name of [1] JOSE JULIO RODRIGUEZ-CUMBA | October 2, 2019 |
| 18 | [1] JOSE JULIO RODRIGUEZ-CUMBA | Purchase of $31,875.00 Official Check No. 103108300016803 from Banco Popular de Puerto Rico from personal checking Account No. ending in 8699 held under the name of [1] JOSE JULIO RODRIGUEZ-CUMBA | October 2, 2019 |
| 19 | [1] JOSE JULIO RODRIGUEZ-CUMBA | Purchase of $37,500 Official Check No. 4486091 from Banco Santander | October 2, 2019 |
| 20 | [1] JOSE JULIO RODRIGUEZ-CUMBA | Purchase of $37,500 Official Check No. 4486092 from Banco Santander | October 2, 2019 |
| 21 | [1] JOSE JULIO RODRIGUEZ-CUMBA | Deposit of $35,000 Official No. Check 01-155861 from the Puerto Rico Treasury – Electronic Lottery (known in Spanish *Departmento de Hacienda —Loteria Electronica*) into Banco Popular de Puerto Rico Account No. ending in 8699 held under the name of [1] JOSE JULIO RODRIGUEZ-CUMBA | September 24, 2020 |
| 22 | [1] JOSE JULIO RODRIGUEZ-CUMBA | Deposit of $40,000 Official No. Check 01-155862 from the Puerto Rico Treasury – Electronic Lottery (known in Spanish *Departmento de Hacienda —Loteria Electronica*) into Banco Popular de Puerto Rico Account No. ending in 8699 held under | September 24, 2020 |

| COUNT | DEFENDANT | TRANSACTION AND APPROXIMATE AMOUNT | DATE(S) OF OFFENSE |
|---|---|---|---|
| | | the name of [1] JOSE JULIO RODRIGUEZ-CUMBA | |
| 23 | [1] JOSE JULIO RODRIGUEZ-CUMBA | Deposit of $10,000 Official No. Check 01-157576 from the Puerto Rico Treasury – Electronic Lottery (known in Spanish *Departmento de Hacienda —Loteria Electronica*) into Banco Popular de Puerto Rico Account No. ending in 8699 held under the name of [1] JOSE JULIO RODRIGUEZ-CUMBA | December 16, 2020 |
| 24 | [1] JOSE JULIO RODRIGUEZ-CUMBA | Deposit of $15,000 Official No. Check 99 2536681from the Puerto Rico Treasury – Puerto Rico Lottery (known in Spanish *Departmento de Hacienda —Loteria de Puerto Rico*) into Banco Popular de Puerto Rico Account No. ending in 8699 held under the name of [1] JOSE JULIO RODRIGUEZ-CUMBA | December 29, 2020 |
| 24 | [1] JOSE JULIO RODRIGUEZ-CUMBA and [16] MARTA D. CARDONA-CUMBA | Purchase of $99,000 Banco Popular Puerto Rico Official Check No. 103108300018110 payable to the order of [1] JOSE JULIO RODRIGUEZ-CUMBA remitted by [16] MARTA D. CARDONA-CUMBA, from Banco Popular Savings Account No. ending in 8699 held under the name of [1] JOSE JULIO RODRIGUEZ-CUMBA | February 16, 2021 |
| 25 | [1] JOSE JULIO RODRIGUEZ-CUMBA and [16] MARTA D. CARDONA-CUMBA | Purchase of $99,000 Banco Popular Official Check No. 103108300018156, with proceeds derived from cancellation of Banco Popular Puerto Rico Official Check No. 103108300018110 for $99,000 payable to [1] JOSE JULIO RODRIGUEZ-CUMBA | February 22, 2021 |

| COUNT | DEFENDANT | TRANSACTION AND APPROXIMATE AMOUNT | DATE(S) OF OFFENSE |
|---|---|---|---|
| 26 | [1] JOSE JULIO RODRIGUEZ-CUMBA | Deposit of $10,000 Official No. Check 99 2551756 from the Puerto Rico Treasury – Puerto Rico Lottery (known in Spanish *Departmento de Hacienda —Loteria de Puerto Rico)* into Banco Popular de Puerto Rico Account No. ending in 8699 held under the name of [1] JOSE JULIO RODRIGUEZ-CUMBA | February 26, 2021 |
| 27 | [1] JOSE JULIO RODRIGUEZ-CUMBA | Deposit of $50,050 Official No. Check 99 2553841 from the Puerto Rico Treasury – Puerto Rico Lottery (known in Spanish *Departmento de Hacienda —Loteria de Puerto Rico)* into Banco Popular de Puerto Rico Account No. ending in 8699 held under the name of [1] JOSE JULIO RODRIGUEZ-CUMBA | March 10, 2021 |
| 28 | [1] JOSE JULIO RODRIGUEZ-CUMBA | Deposit of $250,000 Official No. Check 99 2568783 from the Puerto Rico Treasury – Puerto Rico Lottery (known in Spanish *Departmento de Hacienda —Loteria de Puerto Rico)* into Banco Popular de Puerto Rico Account No. ending in 8699 held under the name of [1] JOSE JULIO RODRIGUEZ-CUMBA | May 14, 2021 |
| 29 | [1] JOSE JULIO RODRIGUEZ-CUMBA and [14] ANGEL XAVIER PEREZ-OLIVENCIA | Purchase of $195,100 Wells Fargo Check No. 687730115 using United States currency | May 21, 2021 |
| 30 | [1] JOSE JULIO RODRIGUEZ-CUMBA and [14] ANGEL XAVIER PEREZ-OLIVENCIA | Purchase of $800,000 Wells Fargo Check No. 6877301156 with $195,100 Wells Fargo Check No. 687730115 and $604,900 United States currency | May 24, 2021 |
| 31 | [1] JOSE JULIO RODRIGUEZ-CUMBA and [14] ANGEL XAVIER | Purchase of $800,000 Wells Fargo Check No. 6877301157 with Wells Fargo Check No. 6877301156 | May 29, 2021 |

| COUNT | DEFENDANT | TRANSACTION AND APPROXIMATE AMOUNT | DATE(S) OF OFFENSE |
|---|---|---|---|
| | PEREZ-OLIVENCIA | | |
| 32 | [1] JOSE JULIO RODRIGUEZ-CUMBA and [14] ANGEL XAVIER PEREZ-OLIVENCIA | Purchase of $199,150 Wells Fargo Check No. 6881101403 using United States currency | June 1, 2021 |
| 33 | [1] JOSE JULIO RODRIGUEZ-CUMBA, and [13] LUIS HECTOR ADAMES-NIEVES | Deposit of $100,00 Banco Popular of Puerto Rico Official Check No. 103108400017118 into Banco Popular Puerto Rico Account ending in 1520 held under the name of [13] LUIS HECTOR ADAMES-NIEVES | February 9, 2022 |
| 34 | [1] JOSE JULIO RODRIGUEZ-CUMBA, and [13] LUIS HECTOR ADAMES-NIEVES | $78,060 cash withdrawal from Banco Popular Puerto Rico Account ending in 1520 held under the name of [13] LUIS HECTOR ADAMES-NIEVES | February 23, 2022 |
| 35 | [1] JOSE JULIO RODRIGUEZ-CUMBA, and [13] LUIS HECTOR ADAMES-NIEVES | Deposit of $40,000 United States currency into Oriental Account No. ending in 0203 held under the name of J.J.R. Multiservices, LLC | February 23, 2022 |
| 36 | [1] JOSE JULIO RODRIGUEZ-CUMBA, and [13] LUIS HECTOR ADAMES-NIEVES | Deposit of $40,000 United States currency into Oriental Account No. ending 0203 held under the name of J.J.R. Multiservices, LLC | February 23, 2022 |
| 37 | [1] JOSE JULIO RODRIGUEZ-CUMBA, and [13] LUIS HECTOR ADAMES-NIEVES | Check No. 50 for $80,000 drawn from Oriental Account No. ending in 0203 held under the name of J.J.R. Multiservices, LLC for Lot#3 Barros Jobos, Isabela, Puerto Rico | February 25, 2022 |
| 38 | [1] JOSE JULIO RODRIGUEZ-CUMBA, and [13] LUIS HECTOR ADAMES-NIEVES | Check No. 70 for $50,000 drawn from Oriental Account No. 7819980203 held under the name of J.J.R. Multiservices, LLC for Lot#3 Barros Jobos, Isabela, Puerto Rico | March 8, 2022 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNTS THIRTY-NINE THROUGH SIXTY
Unlawful Monetary Transactions over $10,000
(18 U.S.C §§ 1957(a), (b) and 2)

On or about the dates listed below, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court, the defendants listed below, aiding and abetting each other and others known and unknown to the Grand Jury, did knowingly engage and attempt to engage in a monetary transaction by through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is deposit, withdrawal, transfer, exchange of U.S. currency, funds, monetary instruments, such property having been derived from a specified unlawful activity, that is, narcotics trafficking contrary to Title 21, United States Code, Sections 841(a)(1), 846, 848, 952, and 963:

| COUNT | DEFENDANT | TRANSACTION AND APPROXIMATE AMOUNT | DATE(S) OF OFFENSE |
|-------|-----------|-----------------------------------|--------------------|
| 39 | [1] JOSE JULIO RODRIGUEZ-CUMBA | Check for $75,000 drawn from Banco Santander Account No. ending in 9958 held under the name Chinchorro07 Corp. | October 2, 2019 |
| 40 | [1] JOSE JULIO RODRIGUEZ-CUMBA | Purchase of $28,125 Official Check No. 103108300016804 from Banco Popular de Puerto Rico from personal checking Account No. ending in 8699 held under the name of [1] JOSE JULIO RODRIGUEZ-CUMBA | October 2, 2019 |
| 41 | [1] JOSE JULIO RODRIGUEZ-CUMBA | Purchase of $31,875.00 Official Check No. 103108300016803 from Banco Popular de Puerto Rico from personal checking Account No. ending in 8699 held under the name of [1] JOSE JULIO RODRIGUEZ-CUMBA | October 2, 2019 |

| COUNT | DEFENDANT | TRANSACTION AND APPROXIMATE AMOUNT | DATE(S) OF OFFENSE |
|---|---|---|---|
| 42 | [1] JOSE JULIO RODRIGUEZ-CUMBA | Purchase of $37,500 Official Check No. 4486091 from Banco Santander | October 2, 2019 |
| 43 | [1] JOSE JULIO RODRIGUEZ-CUMBA | Purchase of $37,500 Official Check No. 4486092 from Banco Santander | October 2, 2019 |
| 44 | [1] JOSE JULIO RODRIGUEZ-CUMBA | Deposit of $35,000 Official No. Check 01-155861 from the Puerto Rico Treasury – Electronic Lottery (known in Spanish *Departmento de Hacienda —Loteria Electronica*) into Banco Popular de Puerto Rico Account No. ending in 8699 held under the name of [1] JOSE JULIO RODRIGUEZ-CUMBA | September 24, 2020 |
| 45 | [1] JOSE JULIO RODRIGUEZ-CUMBA | Deposit of $40,000 Official No. Check 01-155862 from the Puerto Rico Treasury – Electronic Lottery (known in Spanish *Departmento de Hacienda —Loteria Electronica*) into Banco Popular de Puerto Rico Account No. ending in 8699 held under the name of [1] JOSE JULIO RODRIGUEZ-CUMBA | September 24, 2020 |
| 46 | [1] JOSE JULIO RODRIGUEZ-CUMBA | Deposit of $15,000 Official No. Check 99 2536681from the Puerto Rico Treasury – Puerto Rico Lottery (known in Spanish *Departmento de Hacienda — Loteria de Puerto Rico*) into Banco Popular de Puerto Rico Account No. ending in 8699 held under the name of [1] JOSE JULIO RODRIGUEZ-CUMBA | December 29, 2020 |

| COUNT | DEFENDANT | TRANSACTION AND APPROXIMATE AMOUNT | DATE(S) OF OFFENSE |
|---|---|---|---|
| 47 | [1] JOSE JULIO RODRIGUEZ-CUMBA and [16] MARTA D. CARDONA-CUMBA | Purchase of $99,000 Banco Popular Puerto Rico Official Check No. 103108300018110 payable to the order of [1] JOSE JULIO RODRIGUEZ-CUMBA remitted by [16] MARTA D. CARDONA-CUMBA, from Banco Popular Savings Account No. ending 8699 held under the name of [1] JOSE JULIO RODRIGUEZ-CUMBA | February 16, 2021 |
| 48 | [1] JOSE JULIO RODRIGUEZ-CUMBA and [16] MARTA D. CARDONA-CUMBA | Purchase of $99,000 Banco Popular Official Check No. 103108300018156, with proceeds derived from cancellation of Banco Popular Puerto Rico Official Check No. 103108300018110 for $99,000 payable to [1] JOSE JULIO RODRIGUEZ-CUMBA | February 22, 2021 |
| 49 | [1] JOSE JULIO RODRIGUEZ-CUMBA | Deposit of $50,050 Official No. Check 99 2553841 from the Puerto Rico Treasury – Puerto Rico Lottery (known in Spanish *Departmento de Hacienda — Loteria de Puerto Rico)* into Banco Popular de Puerto Rico Account No. ending in 8699 held under the name of [1] JOSE JULIO RODRIGUEZ-CUMBA | March 10, 2021 |
| 50 | [1] JOSE JULIO RODRIGUEZ-CUMBA | Deposit of $250,000 Official No. Check 99 2568783 from the Puerto Rico Treasury – Puerto Rico Lottery (known in Spanish *Departmento de Hacienda — Loteria de Puerto Rico)* into Banco Popular de Puerto Rico Account No. ending in 8699 held under the name of [1] JOSE JULIO RODRIGUEZ-CUMBA | May 14, 2021 |

| COUNT | DEFENDANT | TRANSACTION AND APPROXIMATE AMOUNT | DATE(S) OF OFFENSE |
|---|---|---|---|
| 51 | [1] JOSE JULIO RODRIGUEZ-CUMBA and [14] ANGEL XAVIER PEREZ-OLIVENCIA | Purchase of $195,100 Wells Fargo Check No. 687730115 using United States currency | May 21, 2021 |
| 52 | [1] JOSE JULIO RODRIGUEZ-CUMBA and [14] ANGEL XAVIER PEREZ-OLIVENCIA | Purchase of $800,000 Wells Fargo Check No. 6877301156 with $195,100 Wells Fargo Check No. 687730115 and $604,900 United States currency | May 24, 2021 |
| 53 | [1] JOSE JULIO RODRIGUEZ-CUMBA and [14] ANGEL XAVIER PEREZ-OLIVENCIA | Purchase of $800,000 Wells Fargo Check No. 6877301157 with Wells Fargo Check No. 6877301156 | May 29, 2021 |
| 54 | [1] JOSE JULIO RODRIGUEZ-CUMBA and [14] ANGEL XAVIER PEREZ-OLIVENCIA | Purchase of $199,150 Wells Fargo Check No. 6881101403 using United States currency | June 1, 2021 |
| 55 | [1] JOSE JULIO RODRIGUEZ-CUMBA, and [13] LUIS HECTOR ADAMES-NIEVES | Deposit of $100,00 Banco Popular of Puerto Rico Official Check No. 103108400017118 into Banco Popular Puerto Rico Account ending in 1520 held under the name of [13] LUIS HECTOR ADAMES-NIEVES | February 9, 2022 |
| 56 | [1] JOSE JULIO RODRIGUEZ-CUMBA, and [13] LUIS HECTOR ADAMES-NIEVES | $78,060 cash withdrawal from Banco Popular Puerto Rico Account ending in 1520 held under the name of [13] LUIS HECTOR ADAMES-NIEVES | February 23, 2022 |
| 57 | [1] JOSE JULIO RODRIGUEZ-CUMBA, and [13] LUIS HECTOR ADAMES-NIEVES | Deposit of $40,000 United States currency into Oriental Account No. ending in 0203 held under the name of J.J.R. Multiservices, LLC | February 23, 2022 |

| COUNT | DEFENDANT | TRANSACTION AND APPROXIMATE AMOUNT | DATE(S) OF OFFENSE |
|---|---|---|---|
| 58 | [1] JOSE JULIO RODRIGUEZ-CUMBA, and [13] LUIS HECTOR ADAMES-NIEVES | Deposit of $40,000 United States currency into Oriental Account No. ending in 0203 held under the name of J.J.R. Multiservices, LLC | February 23, 2022 |
| 59 | [1] JOSE JULIO RODRIGUEZ-CUMBA, and [13] LUIS HECTOR ADAMES-NIEVES | Check No. 50 for $80,000 drawn from Oriental Account No. ending in 0203 held under the name of J.J.R. Multiservices, LLC for Lot#3 Barrios Jobos, Isabela, Puerto Rico | February 25, 2022 |
| 60 | [1] JOSE JULIO RODRIGUEZ-CUMBA, and [13] LUIS HECTOR ADAMES-NIEVES | Check No. 70 for $50,000 drawn from Oriental Account No. ending in 0203 held under the name of J.J.R. Multiservices, LLC for Lot#3 Barros Jobos, Isabela, Puerto Rico | March 8, 2022 |

All in violation of Title 18, United States Code, Sections 1957(a), (b), and 2.

## CONTINUING CRIMINAL ENTERPRISE FORFEITURE ALLEGATION

The allegations contained in Count Five of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Sections 848, and 853.

Pursuant to Title 21, United States Code, Sections 848 and 853, upon conviction of an offense in violation of Title 21, United States Code, Section 848,

[1] JOSE JULIO RODRIGUEZ-CUMBA,
also known as "Chambi", "Chembi", "Patron", and "Bizco,"

the defendant herein, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense[s] and any property used, or intended to be used, in any manner or

39

part, to commit, or to facilitate the commission of, the offense(s). The property to be forfeited includes, but is not limited to, the following:

1. A sum of money equal to $25,000,000 in United States currency.

2. $2,218,620.00 United States currency abandoned by [5] LUIS ROBERTO ALVARADO-REYES and seized by the government at the Miami International Airport, in the Southern District of Florida on September 9, 2021.

3. $302,158.50 in United States currency formerly on deposit in Account No. xxx-xx8699 at Banco Popular of Puerto Rico, held under the name of "Jose Julio Rodriguez-Cumba" seized by the government on February 7, 2022.

4. All United States currency on deposit in Account No. 300-4889958 at Banco Santander, held under the name Chinchorro07 Corp.

5. All United States currency on deposit in Account No. 300-4960733 at Banco Santander, held under the name Cubarican Flavors LLC.

6. All United States currency on deposit in Account No. 126-128412 at Cooperativa de Ahorro y Crédito de Rincón Savings, held under the name [15] NIURKA A. RODRIGUEZ-CUMBA.

7. All United States currency on deposit in Account No. 084-321520 at Banco Popular Puerto Rico, held under the name [13] LUIS HECTOR ADAMES-NIEVES.

8. All United States currency on deposit in Account No. 781-9980203 at Oriental, held under the name J.J.R. Multiservices, LLC.

9. All United States currency on deposit in Account No. 126-128323 at

Cooperativa de Ahorro y Crédito de Rincón, held under the name [1] JOSE JULIO RODRIGUEZ-CUMBA.

10. "El Ancla", a 2014 Pershing, 62-foot vessel, hull number FERP6205D414, seized on December 21, 2021.

11. One William TurboJet 325, model 6-7231 dinghy boat seized on December 21, 2021.

12. real property located at Urb. Mayaguez Terrace, 2007 Dr. Jose Larranaga Street, Mayagüez, Puerto Rico.

13. real property located at #7 Road 459 Km 11.9 Barrio Jobos, Isabela, Puerto Rico. Lot Number 1, located at Jobos Ward of Isabela, with a superficial area of7860.7912 square meters. It boundaries are: by the NORTH, in 56.884 meters with lot number 3 of the substitute Inscription Plan; by the EAST, in 158.911 meters, with access lot in the substitute Registration Plan; by the SOUTH, in 42.142 meters with strip marked Widening in the substitute Inscription Plan that separates it from Highway 459; by the WEST, in 4 alignments totaling 155.354 meters with neighborhood road, which separates it from land of Idalia Hernández.

14. Property located at Lot #3, Road 466, Sec. Las Marias at Barrio Jobos, Isabela, Puerto Rico, Property Number 23344 recorded at page 177 of volume 428 of Isabela, Registry of the Property of Aguadilla.

15. real property located at #7 Calle Juan Morell Campo, Barrio Candelaria, Mayagüez Pueblo, Mayagüez, Puerto Rico. URBAN: Plot located on Street Number Two, today Street Morell Campos, place called Barcolona, Candelaria Ward of the

city of Mayagüez, which has a surface space, according to measurement, of 249.80 square meters, equivalent to two (2) areas, forty-nine (49) centiare eighty (80) milliare. Bounding by the SOUTH, with the street in which it is called Morell Campos, to which it gives its front, and where it measures 10.78 meters; to the NORTH, with the Yagüez River, where it measures 9.36 meters; by the EAST, in a straight line owned by Cecilio Torres, where it measures 27.29 meters; and on the WEST, with land of the Seguinot Succession and another with land of the Brignoni Succession, by which side measures said plot 23.74 meters. On this lot was built a house of concrete and blocks, two floors, one low and one high, with concrete roof and concrete as well. The ground floor measures 35 and a half feet 4 inches by its front, 31 feet with 6 inches the back or bottom; 43 feet and four inches on the right side, entering, and 43 feet 4 inches on the left side. The ground floor for commerce, with entrance for vehicles, with tile floors. The tall door measures 35 feet and 4 1/2 inches in front; 31 feet 6 inches deep; 43 feet 4inches on the right side; and 43 feet 4 inches on the left side. The said upper floor destined to housing with balcony to the front and terrace to the left side, with floors of tiles, comprising living room, dining room, three bedrooms, bathroom and kitchen, in addition to the said balcony to the terrace.

16.  real property located at 1479 Condado del Mar Apartment 1910, Ashford Avenue San Juan, Puerto Rico. URBAN: HORIZONTAL PROPERTY: CONDOMINIUM CONDADO DEL MAR of Santurce Norte. Apartment: 1910. AREA: 46.47 square meters. Irregularly located on the nineteenth floor of the building "Condado de Mar", in the northern sector of Santurce, San Juan, Puerto Rico, with

total private area of five hundred square feet, equivalent to forty six square meters with forty-seven cents of square meters, measuring ten and eight feet eleven inches in its greatest width by twenty-six feet eleven inches in its greatest length consists of foyer, living room, bedroom, terrace, bathroom, closet dressing rooms, kitchen with work table, wall cabinets, stove-oven, sink and refrigerator. It adjoins the NORTH, with a wall that separates it from a common corridor limited in a length of ten and eight feet eleven inches; by the SOUTH, in a broken line with outer courtyard in a length of ten and eight feet eleven inches; on the EAST, with the wall separating it from the apartment nineteen eight in a length of twenty-three feet seven inches and with an outdoor courtyard in a length of three feet seven inches; and on the WEST, with an outer courtyard in a length of three feet seven inches with a wall separating it from the service elevator pit and service hall in a length of twelve feet six inches. This apartment has its entrance door that communicates it with the limited common corridor that gives access to the elevators and exit stairs to the outside of the building and corresponds to the uncovered parking one hundred and forty-eight (148). Corresponds to this apartment in the common elements of the property a share equivalent to two hundred thousandths of one percent (0.200%).

17.   Jewelry seized from the Jose Julio Rodriguez-Cumba residence in Moca, Puerto Rico on September 10, 2021.

18.   Gold Bracelet seized by the government from 48 Urb. La Llamarada, in Moca, Puerto Rico on September 10, 2021;

19.   Gold ring with "LV" seized by the government from 48 Urb. La

Llamarada, in Moca, Puerto Rico on September 10, 2021;

20.    Gold Neck Chain with a cross seized by the government from 48 Urb. La Llamarada, in Moca, Puerto Rico on September 10, 2021.

21.    Gold neck chain with a cross seized by the government from 48 Urb. La Llamarada, in Moca, Puerto Rico on September 10, 2021.

22.    Gold neck chain with cross seized by the government from 48 Urb. La Llamarada, in Moca, Puerto Rico on September 10, 2021.

23.    Gold Neck Chain with a letter "A" charm seized by the government from 48 Urb. La Llamarada, in Moca, Puerto Rico on September 10, 2021.

24.    "AVIANNE" Collar seized by the government from 48 Urb. La Llamarada, in Moca, Puerto Rico on September 10, 2021;

25.    "AVIANNE" Bracelet seized by the government from 48 Urb. La Llamarada, in Moca, Puerto Rico on September 10, 2021;

26.    Audemars Piguet "C47714" wristwatch seized by the government from 48 Urb. La Llamarada, in Moca, Puerto Rico on September 10, 2021.

27.    Rolex Date Just Wristwatch seized by the government from 48 Urb. La Llamarada, in Moca, Puerto Rico on September 10, 2021

28.    Gold Neck Chain seized by the government from 48 Urb. La Llamarada, in Moca, Puerto Rico on September 10, 2021;

29.    Rolex Wristwatch seized by the government from 48 Urb. La Llamarada, in Moca, Puerto Rico on September 10, 2021;

30.    Gold Neck Chain with "LV" charm seized by the government from 48

Urb. La Llamarada, in Moca, Puerto Rico on September 10, 2021.

31. Audemars Piguet Wristwatch seized by the government from 48 Urb. La Llamarada, in Moca, Puerto Rico on September 10, 2021

32. Audemars Piguet "I93063" wristwatch seized by the government from 48 Urb. La Llamarada, in Moca, Puerto Rico on September 10, 2021.

33. Audemars Piguet "YY1817X" wristwatch seized by the government from 48 Urb. La Llamarada, in Moca, Puerto Rico on September 10, 2021.

34. Gold Bracelet seized by the government from 48 Urb. La Llamarada, in Moca, Puerto Rico on September 10, 2021;

35. Rolex Sky Dweller wristwatch seized by the government from 48 Urb. La Llamarada, in Moca, Puerto Rico on September 10, 2021.

36. Gold bracelet seized by the government from 48 Urb. La Llamarada, in Moca, Puerto Rico on September 10, 2021;

37. Rolex Day Date Wristwatch seized by the government from 48 Urb. La Llamarada, in Moca, Puerto Rico on September 10, 2021

38. Silver Bracelet seized by the government from 48 Urb. La Llamarada, in Moca, Puerto Rico on September 10, 2021;

39. $970.00 United States currency seized from a Honda Pilot bearing license plate number JRN-144 on September 10, 2021.

40. 2020, Toyota Highlander, JLM060.

41. $3,800 seized from [1] JOSE JULIO RODRIGUEZ-CUMBA on October 3, 2021.

42. Jetski Yamaha Wave Runner 2500J021 seized by the government on September 14, 2022.

43. Jetski Yamaha Wave Runner 1739L021 seized by the government on September 14, 2022.

44. Triton Trailer 4TCSM1111MHL76775 seized by the government on September 14, 2022

45. Triton Trailer—No registration number—seized by the government on September 14, 2022.

46. If any of the property described above, as a result of any act or omission of the defendants:

>    (a) cannot be located upon the exercise of due diligence;
>
>    (b) has been transferred or sold to, or deposited with, a third party;
>
>    (c) has been placed beyond the jurisdiction of the court;
>
>    (d) has been substantially diminished in value; or
>
>    (e) has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

## NARCOTICS FORFEITURE ALLEGATION

The allegations contained in Counts One through Nine of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Sections 841, 846,

[1] JOSE JULIO RODRIGUEZ-CUMBA,
also known as "Chambi", "Chembi", "Josue", "Chambo", and "Patron",
[3] BARBARA VALENTIN-RIVERA,
also known as "Barbara Paola",
[4] LUIS CRESPO-CUMBA,
also known as "La L",
[5] LUIS ROBERTO ALVARADO-REYES,
also known as "El Viejo",
[6] RICARDO LOPEZ-RAMOS,
also known as "Ricky",
[7] HECTOR L. DERKES,
also known as "El Venezolano",
[8] WILLIAM J. PANTOJA-NIEVES,
also known as "W",
[9] LUIS J. HERNANDEZ-CRUZ,
also known as "Tampa Pana",
[10] EDWIN DANIEL GONZALEZ-REYES,
also known as "Cotto" and "Coto",
[11] FERNANDO CORTES-FLORES,
also known as "La Bruja",
[12] EMILIANO FELICIANO-HERNANDEZ,
[17] CHRISTIAN PRADO,
[18] LUIS ALBERTO BOURDON-ROMAN,
also known as "El Negro Capi Bueno",
[19] EDWIN CANDELARIA-RAMOS,

the defendants herein, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result

of such offense[s] and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense(s). The property to be forfeited includes, but is not limited to, in the properties listed in the Continuing Criminal Enterprise Forfeiture Allegation of this Superseding Indictment of this Superseding Indictment.

      1.    If any of the property described above, as a result of any act or omission of the defendants:

        (a) cannot be located upon the exercise of due diligence;

        (b) has been transferred or sold to, or deposited with, a third party;

        (c) has been placed beyond the jurisdiction of the court;

        (d) has been substantially diminished in value; or

        (e) has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

## FIREARMS FORFEITURE ALLEGATION

The allegations contained in Count Ten of this Superseding Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d)(1).

Pursuant to Title 18, United States Code, Section 924(d)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 924, as set forth in

Count Five of this Superseding Indictment,

[1] JOSE JULIO RODRIGUEZ-CUMBA,
also known as "Chambi", "Chembi", "Josue", "Chambo", and "Patron",
[3] BARBARA VALENTIN-RIVERA,
also known as "Barbara Paola",
[4] LUIS CRESPO-CUMBA,
also known as "La L",
[6] RICARDO LOPEZ-RAMOS,
also known as "Ricky",
[9] LUIS J. HERNANDEZ-CRUZ,
also known as "Tampa Pana"
[11] FERNANDO CORTES-FLORES,
also known as "La Bruja", and
[17] CHRISTIAN PRADO,

the defendants herein, shall forfeit to the United States any firearms and ammunition

involved in the commission of the offense, including, but not limited to:

1.      Crusader pistol rifle, Model ST-15, 5.56mm caliber, bearing serial

number DV-029184;

2.      a Crusader pistol rifle, Model AM-15, Gen 5, 5.56mm caliber, bearing

serial number 17130909;

3.      an unknown brand and model, black and gold colored, pistol rifle,

5.56mm caliber, bearing no visible serial number;

4.      a pistol barrel;

5.      approximately 413 rounds of 5.56mm caliber ammunition;

6.      approximately 97 rounds of .40 caliber ammunition;

7.      two 5.56mm caliber drum magazines;

8.      one .40 caliber drum magazine;

9.      one 9mm caliber drum magazine;

10. three 5.56mm caliber magazines; and

11. two 9mm caliber magazines.

## MONEY LAUNDERING FORFEITURE ALLEGATION

The allegations contained in Count Four and Counts Sixteen through Sixty of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(1).

Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1956(h),

[1] JOSE JULIO RODRIGUEZ-CUMBA,
also known as "Chambi", "Chembi", "Josue", "Chambo", and "Patron",
[3] BARBARA VALENTIN-RIVERA,
also known as "Barbara Paola",
[4] LUIS CRESPO-CUMBA,
also known as "La L",
[5] LUIS ROBERTO ALVARADO-REYES,
also known as "El Viejo",
[6] RICARDO LOPEZ-RAMOS,
also known as "Ricky",
[7] HECTOR L. DERKES,
also known as "El Venezolano",
[9] LUIS J. HERNANDEZ-CRUZ,
also known as "Tampa Pana",
[11] FERNANDO CORTES-FLORES
also known as "La Bruja",
[12] EMILIANO FELICIANO-HERNANDEZ,
[13] LUIS HECTOR ADAMES-NIEVES,
also known as "Monki",
[14] ANGEL XAVIER PEREZ-OLIVENCIA,
also known as "Chavy",
[15] NIURKA A. RODRIGUEZ-CUMBA,
also known as "Adela", and
[16] MARTA D. CARDONA-CUMBA,

shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the properties listed in the Continuing Criminal Enterprise Forfeiture Allegation of this Superseding Indictment.

      1.     If any of the property described above, as a result of any act or omission of the defendant:

     (a)     cannot be located upon the exercise of due diligence;

     (b)     has been transferred or sold to, or deposited with, a third party;

     (c)     has been placed beyond the jurisdiction of the court;

     (d)     has been substantially diminished in value; or

     (e)     has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

W. Stephen Muldrow
United States Attorney

FOR: Max Pérez-Bouret
Assistant United States Attorney, Chief
Transnational Organized Crime Section

FOR. María L. Montañez-Concepción
Assistant United States Attorney, Deputy Chief
Transnational Organized Crime Section

FOR: Ryan R. McCabe
Assistant United States Attorney
Transnational Organized Crime Section

Jorge L. Matos-Ortiz
Assistant United States Attorney
Transnational Organized Crime Section

TRUE BILL

FOREPERSON

Date: 11/30/23